## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VINCENT E. WILSON, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:22-cv-03639 (RCL) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

## <u>MEMORANDUM OPINION</u>

Currently before the Court is the Motion to Dismiss, ECF No. 9, filed by Defendant, the United States of America.  For the reasons explained below, Defendant's Motion to Dismiss is **GRANTED**, and this case is dismissed pursuant to Federal Rule 12(b)(1) and Rule 12(b)(6).

## I.   I. BACKGROUND

Plaintiff Vincent E. Wilson initiated this matter on July 7, 2022, by filing a *pro se* Complaint ("Compl."), ECF No. 1-2, in the Superior Court for the District of Columbia, *see Wilson v. Conklin, et al*., No. 2022-SC3-000888 (D.C. Super. Ct. filed July 7, 2022).  He originally sued two defendants employed by the United States Marshals Service ("USMS"), Deputy Marshal Andrew Conklin and District Security Officer Mark Matthews, *see* Compl. at 1;[1] Westfall Notice ("West. Not."), ECF No. 3; Westfall Certification ("West. Cert."), ECF No. 3-1.  Plaintiff alleged that, on January 5, 2016, while incarcerated at the D.C. Central Detention Facility ("CDF"), Conklin and Matthews assaulted him by yanking him by his shackles and tasing him in the back. *See* Compl. at 1.  As a result, Plaintiff alleged that he suffers from ongoing pain, difficulty walking, and emotional distress.  *See id*.  He sought in $10,000 in damages and demanded that Conklin and Matthews be terminated from their employment.  *See id*.

---

[1]  In citing to the original Complaint, the Court references the ECF-generated pagination.

Pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(2), the United States was substituted as Defendant for Conklin and Matthews, *see* West. Not.; West. Cert., and this matter was removed to this District on December 6, 2022, *see* Notice of Removal, ECF No. 1. Plaintiff did not object to its removal. *See* 28 U.S.C. § 1447(c). On February 16, 2023, Defendant filed its first Motion to Dismiss, ECF No. 4. On the same date, however, Plaintiff filed an Amended Complaint ("Am. Compl."), ECF No. 5; therefore, the Court denied Defendant's first Motion to Dismiss as moot, *see* Minute Order (entered Feb. 28, 2023) (citing Fed. R. Civ. P. 15(a)(1)(B)).

Plaintiff's Amended Complaint, which names the United States as the sole defendant, presents claims arising from the same operative incident, namely, the alleged prison assault that took place on January 5, 2016. *See* Am. Compl. at 2–3. Furthermore, Plaintiff amended increased his *ad damnum* clause to $75,000, as relief for the "torts of legal malpractice and assault and battery," which he contends concomitantly constitute violations of his Eighth and Fourteenth Amendment rights. *See id*. at 1, 3–5.

On April 11, 2023, in response to the Amended Complaint, Defendant filed the pending Motion to Dismiss. Plaintiff filed his Opposition to the Motion to Dismiss ("Opp'n"), ECF No. 11, on May 5, 2023, to which Defendant filed a Reply, ECF No. 12, on May 18, 2023. On September 21, 2023, the Court granted Plaintiff leave to file a Surreply ("Surreply"),[2] ECF No. 14.

---

[2] Around the same time, Plaintiff also filed a Motion for Judgment, ECF No. 13, which Defendant opposes, *see* Opposition to Plaintiff's Motion for Judgment, ECF No. 15. The Court denies Plaintiff's Motion for Judgment for the reasons stated herein, and because the Motion neither complies with Federal Rule 12(c), *see Black v. LaHood*, 882 F. Supp. 2d 98, 107 (D.D.C. 2012) (stating that a party may seek judgment on the pleadings, which include a complaint and an answer, only after pleadings are closed), nor does it present any meritorious arguments, *see Schuler v. PricewaterhouseCoopers, LLP*, 514 F.3d 1365, 1370 (D.C. Cir. 2008) (holding that the "moving party [must] demonstrate[ ] that no material fact is in dispute and that it is entitled to judgment as a matter of law.") (quoting *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1485 (D.C. Cir. 1992)).

## II.  LEGAL STANDARD

### A.  Federal Rule 12(b)(1)

"Article III of the Constitution prescribes that '[f]ederal courts are courts of limited subject-matter jurisdiction' and 'ha[ve] the power to decide only those cases over which Congress grants jurisdiction.' " *Bronner v. Duggan*, 962 F.3d 596, 602 (D.C. Cir. 2020) (alterations in original) (quoting *Al-Zahrani v. Rodriguez*, 669 F.3d 315, 317 (D.C. Cir. 2012)); *see Gunn v. Minton,* 568 U.S. 251, 256 (2013) ("'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'") (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  Federal courts have an obligation to ensure that they do not exceed the scope of their jurisdiction.  Absent subject-matter jurisdiction over a case, a court must dismiss it.  *See Arbaugh v. Y & H Corp*., 546 U.S. 500, 506–07 (2006) (citing *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)); Fed. R. Civ. P. 12(h)(3).

To survive a motion to dismiss under Federal Rule 12(b)(1), the plaintiff bears the burden of demonstrating a court's subject-matter jurisdiction over the claim at issue.  *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015), *cert. denied*, 577 U.S. 1103 (2016); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010); *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942). When considering a motion to dismiss under Rule 12(b)(1), a court must accept as true all uncontroverted material factual allegations contained in the complaint and "'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged' and upon such facts determine jurisdictional questions."  *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005); *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004)).  A court need not accept inferences drawn by the plaintiff,

3

however, if those inferences are unsupported by facts alleged in the complaint or amount merely to legal conclusions. *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

When reviewing a challenge pursuant to Rule 12(b)(1), a court may consider documents outside of the pleadings to assure itself that it has jurisdiction. *See Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947); *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). By considering documents outside the pleadings when reviewing a motion to dismiss pursuant to Rule 12(b)(1), a court does not convert the motion into one for summary judgment; "the plain language of Rule 12(b) permits only a 12(b)(6) motion to be converted into a motion for summary judgment" when documents extraneous to the pleadings are considered by a court. *Haase*, 835 F.2d at 905.

**B. Federal Rule 12(b)(6)**

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal,* the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.* (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported

4

by mere conclusory statements, do not suffice." *Id.*   Additionally, when a plaintiff is proceeding *in forma pauperis*, a court is mandated to dismiss a complaint which fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii); *see also Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (per curiam) (holding that a *sua sponte* dismissal is appropriate for failure to state a claim pursuant to Fed. R Civ. P. 12(b)(6)).

In ruling upon a motion to dismiss for failure to state a claim, a court is limited to considering the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which a court may take judicial notice, and matters of public record. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *see also Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd*, 38 Fed. Appx. 4 (D.C. Cir. 2002) ("[W]here a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.") (citing *Greenberg v. The Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)).

## III. DISCUSSION

### A. Federal Tort Claims Act ("FTCA") Claims

Plaintiff has failed to establish subject matter jurisdiction over his FTCA claims.  Under the FTCA, a claimant may sue the federal government for "personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government." 28 U.S.C. § 1346(b)(1).  To bring suit under the FTCA, a claimant must first satisfy the FTCA's exhaustion requirements under 28 U.S.C. § 2675, which provides that

> [a]n action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . unless

> the claimant shall have *first presented the claim to the appropriate Federal agency* and his claim shall have been *finally denied* by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for the purposes of this section.

28 U.S.C. § 2675(a) (emphasis added).  Moreover, an administrative tort claim shall be presented to the agency within two years of accrual, *see id*. § 2401(b), and it must comply with specific formal requirements, consisting of, *inter alia*, (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim. *See id*. §§ 2675(a)–(b); *GAF Corp. v. United States*, 818 F.2d 901, 905 (D.C. Cir. 1987).

"The Supreme Court has interpreted [§ 2675] to mean that '[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies[,]'" *Norton v. United States*, 530 F. Supp. 3d 1, 5 (D.D.C. 2021) (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)), and has further instructed that a claimant's failure to "heed [the FTCA's] clear statutory [exhaustion] command" warrants dismissal of their FTCA claim.  *See id.* (quoting *McNeil*, 508 U.S. at 113; citing *Henderson v. Ratner*, No. 10-5035, 2010 WL 2574175, at *1 (D.C. Cir. June 7, 2010) (per curiam)).  Likewise, D.C. Circuit precedent holds that the "FTCA's requirement of filing an administrative complaint with the appropriate agency prior to instituting an action [is] jurisdictional." *Simpkins v. Dist. of Columbia*, 108 F.3d 366, 371 (D.C. Cir. 1997); *see Odin v. United States*, 656 F.2d 798, 802 (D.C. Cir. 1981) (holding that exhaustion under the FTCA is a "'jurisdictional prerequisite[ ]' to suit"); *GAF Corp*., 818 F.2d at 904–05 (holding that § 2675 imposes a "jurisdictional prerequisite to the maintenance of a tort suit against the United States").

Defendant has submitted a Declaration, authored by Jennifer Bryan, Senior Associate General Counsel for USMS, who bears responsibility for overseeing administrative tort claims received by the agency.  *See* Declaration of Jennifer Bryan, ECF No. 9-1, ¶ 2.  Bryan attests, within her professional dominion and with personal knowledge, that she thoroughly searched for any administrative tort claim submitted by Plaintiff, but none was found.  *See id.* ¶¶ 1–8.

In response, Plaintiff admits that he failed to administratively exhaust his tort claim prior to filing suit.  *See* Opp'n at 2–4.  He argues instead that his administrative exhaustion requirement should be waived due to hardships that prevented him from filing an administrative claim.  *See id.*; Surreply at 2–3.  More specifically, he asserts that he was intermittently "locked-up," during the exhaustion period, and that he was sometimes sequestered in solitary confinement.  *See* Opp'n at 2–4; Surreply at 2–3.  He states that he was released from custody in July 2017, but was then returned to jail in February 2018, was not released again until sometime in 2020, and then was once again returned to custody about two months later.  *See id.*; Am. Compl. ¶ 12.

However, because the FTCA's exhaustion requirement *itself* is jurisdictional, it cannot be waived.  *See Corsi v. Mueller*, 422 F. Supp. 3d 51, 73 (D.D.C. 2019) (citing *Hohri v. United States*, 782 F.2d 227, 245–46 (D.C. Cir. 1986), *rev'd on other grounds*, 482 U.S. 64, 107 (1987)), *aff'd*, 819 Fed. Appx. 6, (D.C. Cir. 2020) (per curiam); *Smith v. Clinton*, 253 F. Supp. 3d 222, 238 (D.D.C. 2017) (holding that "the FTCA's exhaustion requirement is jurisdictional and cannot be excused"), *aff'd*, 886 F.3d 122 (D.C. Cir. 2018) (per curiam), *cert. denied*, 139 S. Ct. 459 (2018); *Norton*, 530 F. Supp. 3d at 7 (same); *Chien v. United States*, No. 17-2334, 2019 WL 4602119, at *8 (D.D.C. Sept. 23, 2019) ("[A] court may not waive the FTCA's exhaustion requirement on equitable grounds.")).

While the *deadlines* attributable to FTCA exhaustion can be subject to equitable tolling, *see United States v. Kwai Fun Wong*, 575 U.S. 402, 412 (2015), Plaintiff has failed to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way[,]" *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). His argument that he was in and out of jail is unpersuasive. Plaintiff's deadline to file an administrative claim fell on January 5, 2018. *See* 28 U.S.C. § 2401(b). Per Plaintiff's own admission, he was released from jail in July 2017, and he was not returned to custody until February 2018. *See* Opp'n at 2–4; Surreply at 2–3; Am. Compl. ¶ 12. Hypothetically, even if Plaintiff could not file an administrative claim while incarcerated, which the Court *does not* concede, he was out of custody for about six months during which he could have filed a timely administrative claim without any of the burdens of incarceration. *See id*. Moreover, Plaintiff fails entirely to explain his inability to file an administrative claim, albeit late, at any point in time, between his subsequent release date in 2020, and July 2022, when he ultimately determined to file this lawsuit.

Notably, during the same time period in which Plaintiff could have filed a timely administrative claim, he was able to file numerous civil cases[3] without issue. *See, e.g.*, *Wilson v. Doe*, No. 2017-CA-006506-B (D.C. Super. Ct. filed Sept. 26, 2017); *Wilson v. Top Dollar Pawn & Jewelry*, No. 2017-CA-006580-B (D.C. Super Ct. filed Sept. 28, 2017); *Wilson v. Doe*, No. 2017-CA-006576-B (D.C. Super. Ct. filed Sept. 28, 2017); *Wilson v. Dep't of Youth Rehab Srvs.*, No. 2017-CA-007058-B (D.C. Super. Ct. filed Oct. 20, 2017); *Wilson v. United States*, 2017-CA-

---

[3] A court may take judicial notice of the docket, proceedings, and facts on the public record, relating to other cases. *See Donelson v. Bureau of Prisons*, 82 F. Supp. 3d 367, 371 (D.D.C. 2015) (citations omitted), *aff'd*, No. 15-5136, 2015 WL 9309944 (D.C. Cir. Dec. 7, 2015) (per curiam); *Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

007245-B (D.C. Super. Ct. filed Oct. 27, 2017); *Wilson v. Northern Neck Regional Jail*, No. 2017-CA-007314-B (D.C. Super. Ct. filed Oct. 31, 2017); *Wilson v. USMS*, No. 2017-CA-007305-B (D.C. Super. Ct. filed Oct. 31, 2017); *Wilson v. Metro Police Dep't*, No. 2017-CA-007304-B (D.C. Super. Ct. filed Oct. 31, 2017); *Wilson v. Econ. Sec. Admin.*, No. 2017-CA-007379-B (D.C. Super. Ct. filed Nov. 1, 2017); *Wilson v. SSA*, No. 2017-CA-007425-B (D.C. Super. Ct. Nov. 2, 2017), *removed to this District*, No. 17-cv-02799 (TJK) (D.D.C. removed Dec. 27, 2017); *Wilson v. Citibank*, No. 2017-CA-007424-B (D.C. Super. Ct. filed Nov. 2, 2017), *removed to this District*, No. 17-cv-02581 (TSC) (D.D.C. removed Dec. 4, 2017); *Wilson v. United Medical Center*, No. 2017-CA-007822-M (D.C. Super. Ct. filed Nov. 22, 2017); *Wilson v. GW Hosp.*, No. 2017-CA-007821-B (D.C. Super. Ct. filed Nov. 22, 2017).  For all of these reasons, the Court finds no merit in Plaintiff's argument that his periodic incarceration prohibited him from filing an administrative tort claim.

Next, Plaintiff insinuates that the substitution of the United States under the Westfall Act somehow forgives his failure to exhaust administrative remedies.  *See* Opp'n at 3.  Although there is a potential avenue of "relief for plaintiffs where the United States is unexpectedly substituted as a party defendant and the case is dismissed for failure to exhaust administrative remedies[,]" it is inapplicable to Plaintiff's circumstances.  *See Norman v. United States*, 377 F. Supp. 2d 96, 99 (D.D.C. 2005), *aff'd*, 467 F.3d 773 (D.C. Cir. 2006).

First, the relevant statutory provision "provide[s] . . . an additional sixty days to file an administrative claim with the appropriate agency [after dismissal] as long as the original lawsuit was commenced within the two year time period allowed for filing a claim." *Id*. (citing 28 U.S.C. § 2679(d)(5) (footnote omitted).  Here, Plaintiff filed suit in D.C. Superior Court more than four

and a half years after his administrative deadline elapsed; therefore, he fundamentally fails to qualify for this exception. *See id.*

Second, even if this avenue were available to Plaintiff, he cannot, in good faith, argue that he was unaware that Conklin and Matthews were affiliated with the federal government, nor does he specifically advance such an argument. Federal agents are "plentiful" "in Washington, D.C. and its metropolitan area, *see id.* at 101, particularly officials who are employed in law enforcement within the region's justice system, with which Plaintiff bears familiarity. "Because reasonable diligence would likely have revealed [Conklin's and Matthews'] status[es] as a federal employee[s] within two years[,]" equitable tolling is inappropriate. *See id.* Indeed, Plaintiff's original Complaint openly acknowledges that Conklin, and perhaps Matthews, are federal agents. *See* Compl. at 1. Consequently, and for all of these reasons, the Court does not find that the Westfall Act was  stood in the way of Plaintiff's exhaustion.

While far from clear, it appears that Plaintiff also seeks equitable tolling based on his contention that he was evaluated, sometime in 2016, as to his competency to stand trial, which he insinuates was due to an unspecified mental illness. *See* Opp'n at 4–5; Surreply at 4–5. But these "broad and conclusory statement[s]" are fundamentally insufficient to establish that Plaintiff is somehow entitled to equitable tolling. *See Richardson v. Sauls*, 319 F. Supp. 3d 52, 68 (D.D.C. 2018). Moreover, after said evaluation, Plaintiff was ultimately found competent to stand trial in the proceedings that he references. *See United States v. Wilson*, No. 2016 CMD 000200 (D.C. Super. Ct. filed Jan. 5, 2016), at Dkt. Entry dated Feb. 23, 2016 (noting that Wilson will be evaluated for competency); *id.* at Dkt. Entry dated Oct. 19, 2017 (finding that Wilson was "not eligible for mental health court."); *id.* at Dkt. Entry dated June 20, 2018 ("The Court having received a report of the full screening examination of the defendant finds that that the defendant is

competent to proceed in this matter" and releasing him on his own recognizance).  And, generally, incompetency cannot serve as a basis for equitable tolling of an FTCA claim.  *See Gable v. United States*, 12-cv-01634, 2017 WL 11592046, at *9 (D.D.C. Dec. 29, 2017) (collecting cases), *report and recommendation adopted*, 319 F. Supp. 3d 37 (D.D.C. June 20, 2018); *Velasco v. United States*, 585 F. Supp. 2d 1, 5 (D.D.C. 2008) (finding that the plaintiff's FTCA claim was not subject to equitable tolling despite his ongoing post-traumatic stress disorder).

Finally, Plaintiff asserts that, on June 11, 2023, he submitted a "Standard Form 95" to the federal government, memorializing his administrative claim, nearly a year after he filed this lawsuit.  *See* Surreply at 3.  But, under the FTCA, the appropriate analysis is whether the Plaintiff exhausted his administrative remedies *at the time* he filed the lawsuit, not whether the exhaustion requirement was eventually satisfied at a later date. *See Hurt v. Lappin*, 729 F. Supp. 2d 186, 190 (D.D.C. 2010) ("Even though the six-month period has now expired, the relevant analysis is whether [plaintiff] had exhausted his administrative remedy at the time he filed his complaint."); *McNeil*, 508 U.S. at 111 (rejecting plaintiff's argument that subsequent receipt of formal denial from an agency is sufficient to satisfy the exhaustion remedies); *see also Harrod v. U.S. Parole Comm'n*, No. 13-774, 2014 WL 606196, at *1 (D.D.C. Feb. 18, 2014) (holding that "a premature 'complaint cannot be cured through amendment[.]") (quoting *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999); citing *Edwards v. Dist. of Columbia*, 616 F. Supp. 2d 112, 117 (D.D.C. 2009) (concluding that the Court "lack[ed] subject matter jurisdiction over Plaintiff's FTCA claims, which were filed before the exhaustion requirement under section 2675(a) was satisfied, and that this jurisdictional defect cannot be cured by the filing of an amended complaint") (other citation omitted)). This requirement "enables the agency to investigate and ascertain the strength of a claim . . . [and] determine whether settlement or negotiations to that end are desirable." *GAF*

*Corp.*, 818 F.2d at 920; *see also Wilbur v. C.I.A.*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam) (citation omitted) ("Exhaustion of administrative remedies is generally required before seeking judicial review 'so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.'").

Simply put, because Plaintiff failed to exhaust his FTCA claim before filing this lawsuit, the Court is deprived of subject matter jurisdiction, and it is thus obligated to dismiss this matter. *See McNeil*, 508 U.S. at 113; *see also Norman*, 377 F. Supp. 2d at 101 (finding that the plaintiff was not entitled to relief under 28 U.S.C. § 2679(d)(5), nor otherwise entitled to equitable tolling, and finding that "plaintiff's failure to exhaust his administrative remedies pursuant to section 2675(a) deprive[d] th[e] Court of jurisdiction").

## B. Constitutional Claims

Plaintiff initiated this matter, and has largely portrayed this matter, as one seeking relief arising from personal injury predicated on tort claims, *see* Compl. at 1, 6; Am. Compl. at 1, 3–5; Opp'n at 3–5; Surreply at 1–4, but over the course of its pendency, he has gradually sprinkled in some discussion of his Eighth and Fourteenth Amendment rights, perhaps in an attempt to raise additional claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, (1971).  *See, e.g.,* Am. Compl. at 1–5; Opp'n at 2; Surreply at 4; Affidavit, ECF No. 16.  It is unclear, however, if Plaintiff actually seeks to bring a claim under *Bivens* in this matter; instead, he seems to insinuate that he may do so in the future.  *See, e.g.*, Opp'n at 5 (asserting that a *Bivens* claim "will be" the correct cause of action, but that "the personal injury tort shall stand" under the FTCA); Surreply at 3–4 (noting that he "joined" "more torts" in his Amended Complaint, and asserting that under the FTCA, his "tort claims shall stand on [their] own accord[,]" but stating that "if a *Bivens* action is pursued, then the individuals have to held liable.").  Relevant here, a

12

"plaintiff cannot amend his complaint *de facto* to survive a motion to dismiss by asserting new claims for relief in [his] responsive pleadings." *Coll. Sports Council v. Gov't Accountability Office*, 421 F. Supp. 2d 59, 71 n.16 (D.D.C. 2006); *Arbitraje Casa de Cambio, S.A. de C.V. v. United States Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted).

To the extent that Plaintiff attempts to bring constitutional tort claims by and through the FTCA, he cannot do so. "Although the FTCA generally waives the government's sovereign immunity, there are several exceptions." *Williams v. Wilkie*, 320 F. Supp. 3d 191, 198 (D.D.C. 2018), *appeal dismissed*, No. 18-5272, 2019 WL 1150043 (D.C. Cir. Jan. 9, 2019). Applicable here, the FTCA does not waive the sovereign immunity of United States for constitutional claims. *See FDIC v. Meyer*, 510 U.S. 471, 477–78 (1994); *Clark v. Lib. Of Congress*, 750 F.2d 89, 102–04 (D.C. Cir. 1984); *see also* 28 U.S.C. §§ 1346(b)(1), 2679(b).

Assuming *arguendo* that Plaintiff has raised *Bivens* claims in this matter, they still cannot survive dismissal. First, Plaintiff cites to the Fourteenth Amendment, *see* Am. Compl. at 1; Opp'n at 2, but the Fourteenth Amendment does not apply to federal government, its agencies, or its officials. *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

Second, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit[,]" *Meyer*, 510 U.S. at 475, and without any such waiver, a claim against the government is jurisdictionally defective, *see id*. at 475 (holding that federal sovereign immunity is jurisdictional and that the United States "has not rendered itself liable under [the Federal Tort Claims Act] for constitutional tort claims"). This sovereign immunity applies to the United States, its agencies, components, and employees. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence

13

of consent is a prerequisite for jurisdiction."); *Kim v. United States*, 632 F.3d 713, 715 (D.C. Cir. 2011) (holding that "no *Bivens* claim is available against [federal officers] in their official capacities.").

In his Amended Complaint, Plaintiff states, broadly and in passing, that "Defendant United States of America had several Marshals assisting it [in] transporting detainees back and forth to court.  They are sued in their individual and official capacities."  Am. Compl. ¶ 4.  While the Court is certainly aware of the existence of Conklin and Matthews, based on their inclusion as defendants in the original Complaint, *see* Compl. at 1, Plaintiff has not ever formally named them in their individual capacities, *see* generally Compl.  Indeed, Plaintiff declined to name them as defendants *at all* in his Amended Complaint, *see* Am. Compl. at 1–2; *see also* Surreply at 1, which superseded and replaced his original complaint, *see Simms v. Dist. of Columbia Gov't*, 646 F. Supp. 2d 36, 37–38 (D.D.C. 2009). Because Plaintiff never named Conklin or Matthews as defendants in their individual capacities in this matter, and because he declined entirely to name them in his now-operative Amended Complaint, the Court is simply not in a position to construe any *Bivens* claims against them. *See Valdes v. Gordon*, 949 F. Supp. 21, 23–24 (D.D.C. 1996), *aff'd sub. nom. Valdes v. U.S. Customs Service*, Nos. 97-5013, 96-01368, 1997 WL 404719 (D.C. Cir. June 5, 1997) (per curiam); *see also Atchinson v. Dist. of Columbia*, 73 F.3d 418, 425 (D.C. Cir. 1996) (affirming the trial court's determination that the plaintiff failed to plead any individual capacity claims, in light of the course of the proceedings and the operative complaint's silence as to any such claims) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Brandon v. Holt*, 469 U.S. 464, 469 (1985)); *Fox v. Dist. of Columbia*, 990 F. Supp. 13, 21–22 (D.D.C. 1997) (finding that, where plaintiff's course of proceedings were "ill-defined," and despite having "theoretically" hinted at an individual capacity claim, the plaintiff's failure to formally name the defendant in her individual

capacity was ultimately fatal to any individual capacity claim). Nor does Plaintiff provide any information regarding any of the "several" unnamed Marshals referenced in the Amended Complaint, *see* Am. Compl. ¶ 4, which contravenes Federal Rule 10(a) and Local Civil Rule 5.1(c), (g).

Finally, and in any event, any *Bivens* claims are time-barred. To bring a *Bivens* claim, a court looks to local law, and here, "a three-year limitations period applies[,]" *Berman v. Crook*, 293 F. Supp. 3d 48, 56 (D.D.C. 2018) (citing *Banks v. Chesapeake and Potomac Telephone Co.*, 802 F.2d 1416, 1429 (D.C. Cir. 1986) (three-year limitations period in D.C. Code § 12–301(8) applies to most *Bivens* actions)); *Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1114 (D.C. Cir. 1985) (same), "and the claim accrues at the time a plaintiff learns of the conduct," *Berman,* 293 F. Supp. 3d at 56 (citation omitted). Plaintiff filed this lawsuit over three and a half years beyond his deadline to file a *Bivens* claim against any defendant.

Furthermore, District of Columbia law, applicable here, *see Loumiet v. United States*, 968 F. Supp. 2d 142, 152 (D.D.C. 2013), generally "does not recognize an equitable tolling exception to the statute of limitations[,]" *Bundy v. Sessions*, 387 F. Supp. 3d 121, 125 (D.D.C. 2019) (quoting *Johnson v. Marcheta Inv'rs Ltd. P'ship*, 711 A.2d 109, 112 (D.C. 1998)), *aff'd*, 812 Fed. Appx. 1 (D.C. Cir. July 2, 2020) (per curiam); *Sayyad v. Fawzi*, 674 A.2d 905, 906 (D.C. 1996) (per curiam) (rejecting equitable tolling of D.C. Code § 12–301(8) under principle of "strict adherence to statutes of limitations."); *see also Melara v. China North Industries, Corp.*, 658 F. Supp. 2d 178, 181 (D.D.C. 2009) (noting resistance to application of equitable tolling under District of Columbia law), *appeal dismissed*, No. 09–71469, 2011 WL 1769716 (D.C. Cir., Apr. 4, 2011). Although under D.C. Code § 12-302(a)(3), a statute of limitations may be tolled if the incident giving rise to the action occurs while the plaintiff is incarcerated, notably, that tolling ceases upon the plaintiff's

release from the related incarceration, *see id.*; *Lovelien v. United States*, 422 F. Supp. 3d 341, 347–48 (D.D.C. 2019) (same), *aff'd*, 853 Fed. Appx. 676 (D.C. Cir. July 6, 2021) (per curiam). Here, Plaintiff was released from custody in July 2017, *see* Opp'n at 2–4; Surreply at 2–3; Am. Compl. ¶ 12, meaning that, even if his *Bivens* claims were tolled while he was in jail, his deadline to file a *Bivens* claim would fall no later than July 2020, *see* D.C. Code §§ 12-301(8), 12-302(a)(3). But Plaintiff filed this lawsuit two years beyond that *extended* deadline, *see generally* Compl., and he did not so much as reference a potential *Bivens* claim until over seven months later, in the midst of this already belated litigation, *see* Am. Compl. at 1.

Consequently, even if equitable tolling were available, the Court again declines to extend such relief to Plaintiff for all of these noted reasons, and for the reasons already explained regarding Plaintiff's unexhausted FTCA claims. *See Bundy*, 387 F. Supp. 3d at 126.

## IV. CONCLUSION

For all of the reasons set forth above, Defendant's Motion to Dismiss, ECF No. 9, is **GRANTED** and this case is **DISMISSED** pursuant to Federal Rule 12(b)(1) and 12(b)(6). Plaintiff's Motion for Judgment, ECF No. 13, is **DENIED**. A separate Order is issued contemporaneously.

Date: 2/22/24

Royce C. Lamberth
United States District Judge

16